UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE HARRISON,

            Plaintiff,            Case No. 1:10-cv-570

v.                                          Honorable Janet T. Neff

STATE OF MICHIGAN et al.,

            Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been directed to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed both because certain Defendants are immune and for failure to state a claim.

## **Discussion**

I.  Factual allegations

Plaintiff Jessie Harrison presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Michigan Reformatory. He sues the State of Michigan, the MDOC, the Michigan Parole Board, Governor Jennifer Granholm, Wayne County, and the following MDOC employees: Quality Certification employee, Cynthia Partridge; Records Administrator, Sandra Grant; Department Analyst, Lori Engmark; and various unknown parties.

In 1986, Plaintiff was convicted by a Wayne County jury of felony firearm, MICH. COMP. LAWS § 227b, and the careless, reckless use of a firearm resulting in death, MICH. COMP. LAWS § 752.861. He was sentenced to respective prison terms of two years and one year and six months to two years. Plaintiff alleges that the MDOC had a policy of having its records office review all inmate sentences, convictions and judgment orders for mistakes. When mistakes are found in the inmate's favor, such as the inmate being given too much jail credit, MDOC employees contact the court with a request for corrections, clarifications or amendments. According to Plaintiff, the MDOC applied the policy to Plaintiff, placing Plaintiff's release date beyond the statutory maximum. Plaintiff repeatedly advised his counselor, the MDOC Director, and the Parole Board that his sentence was unconstitutionally long. Nevertheless, Plaintiff was not released until March 1990, which, Plaintiff alleges, was approximately one year and six months past the statutory maximum.

In 1991, Plaintiff was convicted in Oakland County of assault with intent to commit murder, second offense felony firearm, and assault with a dangerous weapon. After being sentenced on July 30, 1991, Plaintiff was remanded to the custody of the MDOC.

In 2003, Plaintiff filed a state-court motion for relief from judgment under MICH. CT. R. 6.502, challenging his 1986 conviction. In his motion, Plaintiff alleged that he had been unconstitutionally sentenced, that he was falsely imprisoned for one year and six months, and that he was entitled to correction and credit. In 2009, the Michigan Court of Appeals agreed that Plaintiff had been falsely imprisoned. It reversed the 1986 sentence and ordered that a new judgment be issued.

After receiving the order of the court of appeals, Plaintiff filed an MDOC grievance, informing the records office about the decision and requesting that the extra 18 months be taken off of the minimum and maximum sentences for the 1991 offenses for which he was then imprisoned. On July 2, 2009, Defendant Engmark denied the grievance, advising Plaintiff that time served on a previous case could not be applied to his current sentences. Defendant Partridge, by reviewing Engmark's action at Step II on September 3, 2009, allegedly conspired with Engmark to cover-up the MDOC's fault in violating Plaintiff's rights. Similarly, Defendant Grant allegedly joined the conspiracy by reviewing the actions of the others and denying the grievance.

Plaintiff then filed an inmate-initiated Parole and Commutation Application with the Parole Board, attaching a copy of the decision of the court of appeals. The unnamed Parole and Commutation Board members allegedly acted with deliberate indifference in recommending that Plaintiff's sentence not be commuted. In 2010, Governor Granholm followed the recommendation of the Parole and Commutation Board.

Plaintiff alleges that his constitutional rights were violated by the false imprisonment and failure to commute his 1991 sentence. He seeks compensatory and punitive damages for the false imprisonment and for the failure to commute his later sentence. He also seeks injunctions

directing an end to the MDOC's policy of reviewing inmate files and requiring the Parole Board to recommend that his present maximum and minimum sentences be commuted two years in compensation for his earlier excessive period of incarceration.

II. Sovereign Immunity

Plaintiff may not maintain a § 1983 action against the State of Michigan, the Michigan Department of Corrections, or the Michigan Parole Board, which is part of the Michigan Department of Corrections. MICH. COMP. LAWS § 791.231a(1). Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC and the Parole Board are absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, No. 08-1541, 2010 WL 841198, at *7 (6th Cir. Mar. 12, 2010) (MDOC is entitled to sovereign immunity); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000) (same); *see also Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001) (Michigan Parole Board entitled to Eleventh Amendment immunity); *Carson v. Mich. Parole Bd.*, No. 88-1277, 1988 WL 79688, at *1 (6th Cir. July 27, 1988) (same). In addition, the State of Michigan (acting through the Michigan Department of Corrections and the Michigan Parole Board) is not a "person" who may

be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the State of Michigan, the Michigan Department of Corrections, and the Michigan Parole Board are entitled to dismissal on the basis of sovereign immunity.

### III. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Pre-March1990 conduct

To the extent that Plaintiff complains about the actions taken by Defendants before he was released in March 1990, his claims are time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220. In a case of false imprisonment, the action accrues when the false imprisonment ends. *See Wallace v. Kato*, 548 U.S. 384, 389 (2007).

Plaintiff's damages claims arising out of his false imprisonment for 18 months are time-barred. Plaintiff knew of the injuries done to him at the time they occurred. *Collyer*, 98 F.3d

at 220. Under *Wallace*, those claims accrued in 1990, when he was released from his false imprisonment. *Wallace*, 548 U.S. at 389. Plaintiff did not file the instant complaint until 2010, well past Michigan's three-year period of limitations expired. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). In addition, the fact that Plaintiff's § 1983 action would have been barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), until the sentence was overturned in 2009 does not serve to toll the period of limitations. *Wallace*, 549 U.S. at 395. Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, at \*2 (6th Cir. June 17, 2002).

The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Duff v. Yount*, 51 F. App'x 520, 522 (6th Cir. 2002); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit also has recognized that such facially untimely actions may properly be considered to fail to state a claim. *See Jones v. Seabold*, 11 F. App'x 486 (6th Cir. 2001); *West v. Lambert* 3 F. App'x 440, 441 (6th Cir. 2001). Accordingly, Plaintiff's pre-March 1990 claims must be dismissed for failure to state a claim.

### B. Post-March 1990 conduct

To the extent that Plaintiff seeks damages and to enjoin Defendants failure to commute his 1991 sentences by two years, in recognition of the excessive time served on his 1986 sentences, his claim is not cognizable. Plaintiff challenges the length of his incarceration by the

State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has

been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until the length of his criminal sentence has been invalidated.

A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed both because certain Defendants are immune and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: July 21, 2010                    /s/ Janet T. Neff
                                        Janet T. Neff
                                        United States District Judge