FILED - GR
September 5, 2013 10:10 AM
TRACEY CORDES, CLERK
U S DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY __ak_/____ SCANNED BY /NS 9/5

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF GRAND RAPIDS MICHIGAN

JESSIE HARRISON,
    Plaintiff,

-V-

STATE OF MICHIGAN ET. AL,
    Defendants.

_____/

Case No. 1:10-CV-570
COA NO. 10-2185

Hon. Judge Janet T. Neff

MEMORANDUM OF LAW IN SUPPORT OF THE PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL

Statement of the Case

    This is a Civil Rights case filed under 42 USC §1983 and §1985(3) by a state prisoner (Pro se) seeking damages and injunctive relief pursuant to his unlawful confinement in the Michigan Prison System. The Plaintiff is alleging among other things, that the defendant acting in their official and/or individual capacities were and/or are: deliberately indifferent and acted with malice intent, when they caused and/or allowed actions and/or inactions to occur and continue, that are direct products of the discriminatory and cruel and unusual punishment, that caused the Plaintiff to be unlawfully confined eighteen (18) months in the Michigan Prison System in violation of his Federal and State Constitutional Rights including, but not limited to: the Fourth, Sixth, Eighth, Eleventh, and Fourteenth Amendments.

Statement of Facts (Summary)

    The Complaint maintains, that the Plaintiff is entitled to compensation from the defendants for the unconstitutional time he was forced to serve. Where the defendants and/or their predecessors jointly and/or severely, while acting under the color of the law acted with deliberate indifference and/or malice intent in one (1) and/or two (2) ways. First, when they used and/or allowed the use of adopted Discriminatory Customs, Practices, and/or Procedures, that they knew and/or should have known would cause and/or allow the Plaintiff to unconstitutionally be imprisoned

for eighteen (18) months beyond the statutory maximum. Secondly, where the defendants acted with deliberate indifference and/or malice intent, when their actions and/or inactions in investigating the Plaintiff's claim caused and/or allowed him to be imprisoned for eighteen (18) months beyond the statutory maximum in violation of his Constitutional Rights.

## ARGUMENT

### Standard of Review

In deciding whether to appoint counsel for an indigent litigant, the court should consider 'the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim, and the complexity of the legal issues." Abdullah v. Gunter, 949 F2d. 1032, 1035 (8th Cir. 1991)(citation omitted), ert. denied, 112 S.Ct. 1995 (1992). In addition, the Courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti Co., Inc., 877 F2d. 170, 173 (2nd Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

### 1. Indigence and Attempt to Procure Counsel

The Pro se Plaintiff is an indigent prisoner in the Michigan Department of Corrections (MDOC), whose indigence has been established by his Prisoner Account Statements, which has lead to both the District Court and the Sixth Circuit Court of Appeals (COA) granting him Indigency Status. (see Case Dockets).

Despite being granted indigence, the Plaintiff has routinely used the Bar Journal to obtain lawyers names and addresses. Then after eliminating Judges, and prosecutors etc. the Plaintiff has sent numerous letters to attorneys seeking representation pro bono and for a percentages based on the successful outcome of the proceedings, but to no avail. The attorneys that responded either did not practice

law in this area or declined, because it would not be profitable for them or their firm. However, a Mr. Michael F. Williams and his law firm Kirkland and Ellis LLP has agreed to represent me pro bono ONLY IN DEFENDING THE SIXTH CIRCUIT'S DECISION, IF IT'S APPEALED TO THE US SUPREME COURT, but neither Mr. Michael F. Williams or his frim will represent me in the case. Hence, the "law of economics", although it might well attract a lawyer for other litigants - it has proven to take a different turn, when prison walls intervene, as such the Court should strongly consider appointing counsel. Merritt v. Faulkner, 697 F2d. 761, 768, 769 (7th Cir.1983).

## 2. The Factual Complexities

The Plaintiff's allegations pertaining to him being unconstitutionally and/or illegally imprisoned eighteen (18) months beyond the statutory maximum are many including: That the MDOC and/or its Records Office Staff John/Jane Doe(s), who while acting under the color of the law in violation of clearly established law acted with deliberate indifference and/or malice intent in creating and/or allowing the creation and use (continued use) of the adopted discriminatory custom, procedure, and/or practice of routinely reviewing inmates sentences, convictions, and judgment orders for mistakes, that they know the Courts make, but only contacting the Court to correct those mistakes, if it would result in a inmate being released too early and deliberately not bothering to contact the Court, if the mistake would result in the inmate serving too much time.

It is the Plaintiff's contention, that the defendants jointly and/or severely knew and/or should have known of the error in his sentence, that resulted in him being falsely imprisoned and that they had a duty to contact the Court to correct the error, but did not do it because of their discriminatory practice, custom, and/or procedures, as such they subjected the Plaintiff to cruel and unusual punishment, violated his due process rights, and other Federal and State Constitutional Rights, when he was forced to serve eighteen (18) months beyond the maximum allowed. Further,

the Plaintiff asserts that the defendants still use the discriminatory practice, custom, and/or practice and he is entitled to monetary and injunctive relief. Hence, the sheer number of claims ten (10) makes this a factually complex case, that beacons appointment of counsel. Maclin v. Freake, 650 F2d. 885, 887-889 (7th Cir.1981).

### 3. Jury Trail and Lack of Legal Knowledge

The Pro se Plaintiff has requested a jury trial and has little knowledge of the law and absolutely no knowledge of how to proceed in manners of setting a jury, questioning witness, or objecting etc.. Additionally, there is no law books in the law library pertaining such and if there were. The MDOC has a limit on the number of times and hours a inmate is allowed to use the Law Library and then ONLY IF there is room, considering the very high number of inmates wishing to use the law library. These factors also support the appointment of counsel. Rayes v. Johnson, 969 F2d. 700, 703 (1989); Whisemant v. Yuam, 739 F2d. 160, 163 (8th Cir.1984).

### 4. Plaintiff's ability to investigate

The Plaintiff is imprisoned within the MDOC and has no ability to investigate the facts. For example, he is unable to identify, locate, and interview inmates, who the MDOC Record's Office Staff John/Jane Doe(s) contacted the Court to correct mistakes, that resulted in them being serving more time. Also, the Plaintiff is unable to identify, locate, and interview MDOC Records Office Staff from 1986 to present at various MDOC Facilities, as well as Supervisors, who review inmate files. Additional, the Plaintiff is unable to conduct deposition etc.. The Plaintiff is in the same situation, as an inmate who has been transferred to a different institution, a factor that several courts have cited in appointing counsel. Tucker v. Randall, 948 F2d. 388, 391, 392 (7th Cir.1991); Gatson v. Coughlin, 679 F.Supp. 270, 273 (1986); Armstrong v. Snyder, 103 F.R.D. 96, 105 (E.D.Wis.1984); Tucker v. Dickey, 613 F.Supp. 1124, 1133, 1134 (W.D.Wis.1985).

### 5. Merit/6th Circuit Opinion

A very important factor is merit. The Plaintiff's allegations, if proven clearly would establish various Constitutional Violation entitling him to relief, but more importantly in the Sixth Circuit Court of Appeals ruling, that the Plaintiff is entitled to pursue his claim on the merits and that further Court proceeding would best be served by the appearance of attorneys for both parties. (see COA 10-2185 dated July 10, 2013 pg. 13 ¶2); see also Cooper v. A. Sargenti Co., Inc., 877 F2d. 170, 173 (2nd Cir.1989).

### CONCLUSION

The Plaintiff acknowledges, that he does not have a right to appointment of counsel in Civil Proceedings. However, pursuant justice he should be given serious consideration and that this Honorable Court should request members of the bar to at the very least assist the Plaintiff in his litigation. DiAngelo v. Illinois Department of Public Aid, 891 F2d. 1260, 1262 (7th Cir.1989)(...the Court can request members of bar to assist...). Especially, whereas here the Plaintiff has alleged a valid prima facie claim, has attempted to retain counsel and been unsuccessful, and the nature of the litigation is such, that Plaintiff, as well as the Court will benefit from assistance of counsel. Nelso v. Redfield Lithograph Printing, 728 F2d. 1003 (8th Cir.1984).

WHEREFOE, the Plaintiff prays that the Court grants this motion and provide whatever else relief it deems fair and proper.

Signed under the penalties of perjury September 3, 2013.

FILE
c.c.

Signed,

Jessie Harrison #185856