UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE HARRISON,

         Plaintiff,

v

CYNTHIA PARTRIDGE,
SANDRA GRANT, LORI ENGMARK,
PATRICIA CARUSO, JENNIFER GRANHOLM,
COUNTY OF WAYNE, UNKNOWN PARTIES

         Defendants.

Case No. 1:10-cv-00570

HON. JANET T. NEFF

---

Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814
bglazier@bosglazier.com

James M. Surowiec (P67961)
Zenna Elhasan (P67961
Wayne County Corporation Counsel
500 Griswold, 11th Floor
Detroit, MI 48226
(313) 224-6682
jsurowiec@co.wayne.mi.us

Michael Richard Dean (P24323)
Assistant Attorney General
DEPT. OF ATTORNEY GENERAL
Attorney for Defendant
525 West Ottawa Street
PO Box 30217
Lansing, MI 48909
(517) 335-7139
deanm2@mich.gov

---

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

### I. INTRODUCTION

Plaintiff, Jessie Harrison, in this case involving defendants' constitutional violations

of 42 U.S.C. § 1983, has moved this court for leave to file a First Amended Complaint. The First Amended Complaint drops Wayne County, ("Wayne") and Jennifer Granholm from the case caption and as defendant's because these parties have no liability for the plaintiff's § 1983 claims. The original Complaint was filed *in pro per* and the 6th Circuit Court of Appeals has indicated that the case would better served by the appearance of attorneys. *Harrison v. Michigan*, 722 F.3d 768, 776 (6th Cir. 2013) *cert. denied,* 134 S. Ct. 1023, 188 L. Ed. 2d 119 (U.S. 2014).

The First Amended Complaint also includes additional details learned during the investigation that has taken place in this case. No new theories or counts have been added to the complaint. The plaintiff has dropped the conspiracy claim from the Amended Complaint. A copy of the proposed First Amended Complaint is attached to plaintiff's Motion for Leave as Exhibit A.

## II.  ARGUMENT

Fed. R. Civ. P. 15 governs the amendment of pleadings. The court rule provides for leave as a matter of course and provides for leave with the opposing party's written consent or leave from the court. The rule provides:

> (a)(2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Generally, leave to amend is "freely given when justice so requires." *See, Keweenaw Bay Indian Cmty. v. State of Michigan*, 11 F.3d 1341, 1348 (6th Cir.1993) (quoting Fed.R.Civ.P. 15(a)). Leave to amend is particularly appropriate where the amendment neither adds new parties or new claims. *See, e.g., Inge v. Rock Financial*

*Corp.*, 281 F.3d 613, 626 (6th Cir. 2002). Denial may be appropriate, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); See also, 3 Moore's Federal Practice § 15.14[1] (3d ed.1997).

Ordinarily, delay alone, does not justify denial of leave to amend. *See, Sec. Ins. Co. v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir.1995); See also *Tefft v. Seward*, 689 F.2d 637, 639 n. 2 (6th Cir.1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.").

If a scheduling order has been issued by the court before an amendment is sought, a court must determine whether the party seeking to amend its pleading has met the standard provided in Rule 16(b) before it determines whether the amendment is proper under Rule 15(a). *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). And, "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir.2002) (quotation omitted). Under a Rule 16 analysis, a court must also determine the potential prejudice to the non-movant. *Leary*, 349 F.3d at 909.

In this case the plaintiff has complied with the court's scheduling order. The scheduling order was amended by the court on February 12, 2014. The defendants have

not been required to file answers yet, discovery has been stayed by the court, and plaintiff has met all of the court's deadlines currently.

Additionally, defendants will not be prejudiced by the granting of plaintiff's motion, as the claims are the same and discovery should not change for the defendants. With the assistance of counsel, the claims stated in the original complaint are now clearer and should allow for more concise responses.

In this case, there is no evidence of undue delay, bad faith or dilatory motive on the part of the plaintiff. The amendment is sought to clarify the status of the parties and to add new details to the facts portion of the complaint based on recent discovery. No prejudice will be caused by allowing the amendment.

### III. CONCLUSION

For the foregoing reasons, plaintiff respectfully requests this Court to grant his Motion for Leave and to enter an Order permitting the filing of the proposed First Amended Complaint.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Date: May 6, 2014      By:   /s/ Bradley K. Glazier
                             Bradley K. Glazier (P35523)

BUSINESS ADDRESS:
990 Monroe Avenue N.W.
Grand Rapids, MI 49503
(616) 458-6814

.120536