UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE HARRISON,

          Plaintiff,

v

CYNTHIA PARTRIDGE,
SANDRA GRANT, LORI ENGMARK,
PATRICIA CARUSO, UNKNOWN PARTIES

          Defendants.

Case No. 1:10-cv-00570

HON. JANET T. NEFF

Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

Michael Richard Dean (P24323)
Assistant Attorney General
DEPT. OF ATTORNEY GENERAL
Attorney for Defendants
525 West Ottawa Street
P. O. Box 30217
Lansing, MI 48909
(517) 335-7139

## SUPPLEMENTAL BRIEF REGARDING DEFENDANTS' FUTILITY ARGUMENT

### I. INTRODUCTION

In an order issued by Judge Greely on May 21, 2014, counsel was offered the opportunity to prepare additional briefing addressing the allegations by the defendants that allowing the plaintiff to amend his complaint would be futile because the naming of new parties to replace John Doe defendants would not relate back to the original date of filing. For the reasons that follow, defendants' argument should be rejected because the doctrine of equitable tolling applies.

## II. ARGUMENT

### A.  The Amended Complaint is Not Futile.

#### 1.  Legal Standard.

It is well recognized that an amended complaint that fails to state a claim would be a futile exercise by the plaintiff. So would an amended complaint that "so resemble[d] claims already found meritless by the court that amendment would be an exercise in futility."*Clark v. Hamilton Mortgage Co.*, 1:07-CV-252, 2008 WL 919612 (W.D. Mich. Apr. 2, 2008). The courts have held that "a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). The courts have also held that "Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after its initial amendment only by leave of the court, and "leave shall be freely given when justice so requires."" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). The decision whether to permit amendment is entrusted to the court's discretion. See *Zenith Radio v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, 91 S. Ct. 795, 28 L.Ed.2d 77 (1971). In this case, justice requires that the amended complaint be allowed.

#### 2.  Harrison is Entitled to Equitable Tolling of the Statute of Limitations.

The courts have recognized the doctrine of equitable tolling of the statute of limitations. In *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010), the United States Supreme Court recognized that "a "petitioner" is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing." *Id.* at 649.

2

Further, the court held in *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000), that "Typically, equitable tolling applies only when a litigants failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Harrison has both been pursuing his rights diligently and only the nearly three year delay occasioned by his successful appeal of the district court's decision has pushed his amended complaint beyond the statute of limitations.

### a.    Harrison Has Been Diligent.

Harrison received the opinion from the Michigan Court of Appeals that his 1986 sentence was invalid on September 16, 2008. Before that his claim had not accrued and he could not have pursued any action against the defendants. The Sixth Circuit stated that there is a "delayed accrual date in cases involving challenges to an invalid conviction or sentence." *Harrison v. Michigan*, 722 F.3d 768, 772 (6th Cir. 2013) *cert. denied,* 134 S. Ct. 1023, 188 L. Ed. 2d 119 (U.S. 2014). And that "the statute of limitations applicable to Harrison's § 1983 complaint was not triggered until the Michigan Court of Appeals issued its ruling in 2008." *Id.* Harrison attempted to resolve the incorrect sentence by contacting the parole board, the governor, and filing grievances in 2009 and 2010. Once his Step Three grievance was denied on April 26, 2010, Harrison diligently filed his complaint with the court on June 16, 2010. The statute of limitations from the time his sentence was overturned would run until September 16, 2011, leaving Harrison with fifteen months remaining from the time he filed his complaint to add any parties. (Several John and Jane Doe defendants were named in the complaint).

The United States District Court for the Western District of Michigan screened Harrison's complaint, as provided for under the Prison Litigation Reform Act ("PLRA"), and promptly rejected it on July 10, 2010. Harrison diligently pursued an appeal with the Sixth Circuit Court of Appeals. The appeal was accepted on October 26, 2010. Harrison did not receive an opinion from the court until July 10, 2013, well past the time that the statute of limitations had expired for adding new parties.

Once Harrison had the Sixth Circuit's opinion, he promptly filed to have counsel appointed in September 2013. The court appointed counsel in November 2013, however, the Case Management Order was stayed while the defendants appealed to the US Supreme Court. The Supreme Court denied certiorari on January 17, 2014 and Harrison promptly filed his first interrogatories on January 31, 2014. Harrison has diligently attempted to pursue his case ever since his sentence was held to be invalid in 2008.

### b. Extraordinary Circumstances Delayed Harrison.

Subject to the PLRA, the defendants were not required to answer the complaint (see 42 U.S.C.A. § 1997e(g)(1)) and, as such, Harrison was not permitted discovery until his complaint completed the screening process. Most cases that are heard at the appeals level have at least had an answer filed and some discovery. Those petitioners are not prejudiced by the time it takes an appeal to be resolved. However, Harrison's case is not the typical case that is decided at the appeals level. This is not a case that was dismissed upon summary judgment. This is not a case that was heard and decided by a jury. This is a case where no answer to the complaint was filed and no discovery has taken place (except for answers to interrogatories sent to counsel for plaintiff on March 18, 2014).

Harrison is not a lawyer and did not have counsel appointed until just recently. The deficiencies in his complaint were not addressed until after the Sixth Circuit issued an opinion. The procedure for naming a previous John Doe defendant was not known by Harrison until he had the opportunity to communicate with counsel. These are certainly extraordinary circumstances that would allow the court to employ equitable tolling and allow the complaint to be amended.

The court has held that "The diligence required for equitable tolling purposes is 'reasonable diligence.'" *Holland v. Florida*, 560 U.S. 631, 653, 130 S. Ct. 2549, 2565, 177 L. Ed. 2d 130 (2010). In the *Holland* case, a prisoner was appointed an attorney that, through negligence, missed the deadline for filing a petition for habeas corpus. The prisoner wrote his attorney numerous letters seeking crucial information and providing direction, he repeatedly contacted the state courts, their clerks, and the Florida State Bar Association. The court held that these actions supported the premise that the prisoner was diligently pursuing his rights.

In this case, none of the delay has been attributable to the petitioner. Harrison has contacted the parole board, the governor, the grievance commission, the district court, the appeals court, and finally received permission to proceed with his complaint after the statute of limitations had already expired. The court stated in *Pace v. DiGuglielmo*, 544 U.S. 408, 419, 125 S. Ct. 1807, 1815, 161 L. Ed. 2d 669 (2005), "Under long-established principles, petitioner's lack of diligence precludes equity's operation." That is not the situation we are experiencing in this case. Here, the petitioner has been diligent since his claim accrued and but for the delay of the courts, he could have amended his complaint within the statute of limitations.

Harrison had no opportunity to amend his previous complaint due to the law at the time. When Harrison filed his complaint, which was dismissed through the PLRA screening process, he was precluded from amending the complaint. In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir.1997), the court held that, when the PLRA required dismissal of a prisoner's claim, a district court could not grant leave to amend. *Id.* at 612. However, that decision was overruled in 2013 with the holding in *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The court now holds that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA. Harrison's original complaint was filed in 2010 and the court would not have permitted amendment. Just before the Sixth Circuit remanded this case in July of 2013, the law changed and an amended complaint should now be allowed.

### 3.    New Defendants May Be Added.

Harrison seeks to identify some of the John and Jane Does named in his original complaint with an amended complaint. Through his diligent research he has been able to identify them through interviews with other inmates, staff, and records. Harrison understands that naming a John Doe is treated by the courts as adding a party and would only be permitted after the statute of limitations if the amended complaint related back to the original (see *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.1996).). However, if the equitable tolling of the statute of limitations is allowed, the amendment should be deemed filed within the statute of limitations. Defendants may be joined according to Fed. R. Civ. P. 20, when:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

In this case, the defendants to be joined were all engaged in the same activity - denying Harrison's complaints regarding his illegal sentence. The defendants all worked for the same employer and adhered to the same set of rules and policies. The same question of law applies to each, §1983, and should be permitted by Rule 20.

With the assistance of counsel, Harrison has been able to pare down the complaint and remove defendants to whom his complaint would have failed to state a claim.

### 4. Harrison Has Not Been Permitted Adequate Discovery.

Because of the PLRA, Harrison has not been permitted discovery in this case until just recently. Discovery did not start until after the expiration of the statute of limitations, though no fault of Harrison. Defendants have provided almost no information in response to Harrison's interrogatories, claiming no knowledge or records exist to identify prison staff from the period of time when Harrison served his illegal sentence.

Harrison filed his original complaint on June 16, 2010. Through the lengthy screening and appeals process he did not receive an opinion that would allow him to proceed until 3 years and 24 days after filing. Hypothetically, this means that no matter when Harrison filed his complaint, after his sentence was declared invalid, he would not have been able to amend the John Does in the complaint.

### B. There are §1983 Claims Remaining Against Engmark, Partridge, and Grant.

In the defendants' reply brief in support of their motion to dismiss, defendants argue that the plaintiff's contention that Engmark, Partridge, and Grant failed to address Harrison's illegal sentence is insufficient to state a claim. But Harrison does not claim that

7

Engmark, Partridge, and Grant were responsible for his illegal sentence in 1986. Harrison is complaining that they had knowledge of his illegal sentence from 1986 and they have done nothing to correct the situation. In support, plaintiff relied upon the Director's Office Memorandum addressing illegal sentences issued in 1987. The memorandum clearly states the steps that prison staff are to take in regards to an illegal sentence: They are to contact the sentencing court and if they do not receive a "favorable response from the Judge within a reasonable time", they are to pursue "further action through the State Court Administrator's Office or the Attorney General." (Exhibit 1). The courts have held that Harrison's 1986 sentence was illegal. That much is undisputed. However, no one in the prison system has done anything to correct the sentence. The defendants' reply brief states that "Correcting a prisoner's sentence requires court action, not state agency action." [Dkt#79, Page ID#443]. However, none of the employees of the records office have contacted the court to correct the sentence, as the MDOC's Time Computation Manual requires. (Exhibit 1). Engmark, Partridge, and Grant's failure to follow the procedure which allows for the effective administration of sentences violates Harrison's due process rights. They have acted with deliberate indifference towards Harrison's rights in having his sentence corrected.

### C. Harrison Requests That His Sentence Be Recalculated, Not Commuted.

Defendants argue that the court has already held that Harrison cannot have his current sentence commuted for a previous illegal sentence. However, that is not Harrison's request. He is requesting that his current sentence, which was likely calculated by taking into account his previous sentence, be recalculated. The sentencing division of the court

looks at many factors when deciding the sentence for a convicted person. One of those factors is the time a person has served before. If Harrison's current sentence took his illegal sentence into consideration when calculating time, it should be corrected to address the error. He is not asking the court to take eighteen (18) months off his current sentence. Harrison is only asking that the court and the MDOC Central Time Computation Unit recalculate his current sentence with the new knowledge that his previous sentence was illegal.

### D. Harrison Still Has a Valid Damages Claim.

The Sixth Circuit has held that "Harrison's claim for damages under 42 U.S.C. § 1983 is not time-barred. We therefore reverse the district court's judgment and remand the case for further proceedings." *Harrison v. Michigan*, 722 F.3d 768, 769 (6th Cir. 2013) *cert. denied,* 134 S. Ct. 1023, 188 L. Ed. 2d 119 (U.S. 2014). Harrison was confined to prison for eighteen months longer than was allowed by law. See *People v. Harrison*, 279123, 2008 WL 4276544 (Mich. Ct. App. Sept. 16, 2008). He attempted to have his sentence reviewed multiple times while he was incarcerated, but the staff acted with deliberate indifference towards his claims. He has now obtained the names of some of the staff members that were responsible for violating his rights. If the case is to have further proceedings as the Sixth Circuit ordered, Harrison must be allowed to add the previously unnamed parties to the complaint.

### E. Caruso May Be Dismissed From The Case.

Plaintiff is now aware that Caruso may not have been personally involved in either the 1986 claims or the due process claims against Engmark, Partridge, and Grant. Caruso's involvement is really failure to supervise her staff. Although Caruso may have

taken individual actions that would subject her to liability, Harrison has no evidence of such acts and will dismiss her from the complaint.

## III. CONCLUSION

Plaintiff requests that the court employ equitable tolling so that Harrison may be allowed to add the identities of John and Jane Doe defendants now known to his complaint. Plaintiff was not responsible for the delay that pushed the complaint past the statute of limitations and has been diligent in pursuing his rights. For the foregoing reasons and in the interests of justice and the resolution of the claims that the Sixth Circuit has held may proceed, Harrison respectfully requests that this court allow his amended complaint that identifies John Doe defendants.

                              BOS & GLAZIER, P.L.C.
                              Attorneys for Plaintiff

Dated: June 4, 2014           By: _/s/ Bradley K. Glazier_
                              Bradley K. Glazier (P35523)

                              BUSINESS ADDRESS:
                              990 Monroe Avenue, N.W.
                              Grand Rapids, MI 49503
                              (616) 458-6814

.120659