UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE HARRISON #185856,

       Plaintiff,                          Hon. Ellen S. Carmody

v.                                                Case No. 1:10-cv-570

CYNTHIA PARTRIDGE, et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on <u>Defendants' Motion for Summary Judgment</u>. (Dkt. #123). On December 9, 2014, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (Dkt. #116). For the reasons discussed herein, Defendants' motion is **granted**.

## BACKGROUND

In 1986, Plaintiff was charged with second degree murder, a felony, and being a felon in possession of a firearm. Plaintiff was convicted of the latter charge, but avoided a conviction for second degree murder. Plaintiff was instead convicted of the lesser included offense of reckless use of a firearm resulting in death, a misdemeanor. Plaintiff was sentenced to serve *consecutive* prison terms of 16-24 months for reckless use of a firearm and 24 months for being a felon in possession of a firearm. Had Plaintiff been convicted of second degree murder, a felony, imposition of consecutive sentences would have been appropriate. *People v. Harrison*, 2008 WL 4276544 at *1-2

(Mich. Ct. App., Sept. 16, 2008). However, because Plaintiff was instead convicted of a misdemeanor lesser included offense, the imposition of consecutive sentences was contrary to Michigan law. *Id.*

Plaintiff was released from prison in 1990, eighteen months beyond the properly calculated statutory maximum sentence. In 1991, Plaintiff was convicted of assault with the intent to commit murder and being a felon in possession of a firearm, for which he was sentenced to serve 20-60 years in prison. Plaintiff eventually pursued relief in state court concerning his improper 1986 sentence. On September 16, 2008, the Michigan Court of Appeals ruled that Plaintiff's 1986 sentence was "invalid" and ordered the trial court "to correct [Plaintiff's] judgment of sentence." *Harrison*, 2008 WL 4276544 at *1-2.

Plaintiff thereafter filed prison grievances requesting that his then current sentence be reduced by eighteen months. Plaintiff's grievances were denied after which Plaintiff sought relief through the Parole Board which recommended that Plaintiff's then current sentence not be reduced. In 2010, the Governor followed the Parole Board's recommendation and declined to reduce Plaintiff's sentence.

Plaintiff initiated the present action on June 16, 2010, alleging that his constitutional rights were violated by his unlawful imprisonment and the subsequent refusal to reduce the sentence imposed for his 1991 convictions. On July 21, 2010, the Honorable Janet T. Neff ordered that Plaintiff's claims be dismissed for failure to state a claim on which relief may be granted. (Dkt. #7-8). On July, 10, 2013, the Sixth Circuit reversed in part this determination and remanded the matter for further proceedings. *Harrison v. State of Michigan*, 722 F.3d 768 (6th Cir. 2013).

On June 26, 2014, Plaintiff filed a two-count amended complaint asserting violations of his Fourteenth and Eighth Amendment rights. Plaintiff's amended complaint was asserted against eight individuals: (1) Linda Beckwith; (2) Pamela Withrow; (3) Cindy Avery; (4) Cynthia Partridge; (5) Lori Engmark; (6) Sandra Grant; (7) Patricia Caruso; (8) Unknown Battles, as well as an unknown number of John and Jane Doe prison employees. Plaintiff's claims against Defendant Battles have since been dismissed. Plaintiff has not identified or effected service on the Doe Defendants. The remaining Defendants now move for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be

established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a

"substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.**       **Claims Regarding the 1986-1990 Time Period**

Discerning the claims asserted by Plaintiff in his amended complaint, (dkt. #93), is not straightforward. Plaintiff's amended complaint includes only two counts, but a closer reading reveals that Plaintiff is, in fact, asserting four distinct claims, two of which concern the events that transpired during his incarceration from 1986 to 1990. Specifically, Plaintiff asserts that: (1) Defendants "refused to investigate the possibility that [he] was being held longer than allowed under Michigan law" in violation of his Fourteenth Amendment right to due process; and (2) Defendants

deliberately refused to investigate his "multiple complaints" regarding his sentence in violation of his Eighth Amendment rights.

        A.      Fourteenth Amendment

Plaintiff certainly possessed a liberty interest in being free from incarceration after the expiration of his sentence. *See, e.g., McNeil v. Dir., Patuxent Inst.*, 407 U.S. 245, 246 (1972) ("when his sentence expired, the State lost the power to hold him, and his continued detention violates his rights under the Fourteenth Amendment"). The Fourteenth Amendment, however, does not protect against all deprivations of liberty, but instead protects only against deprivations of liberty accomplished without due process of law. *See Baker v. McCollan*, 443 U.S. 137, 145 (1979).

On July 8, 1988, the Michigan Court of Appeals affirmed the conviction and sentence imposed on Plaintiff following his 1986 trial. *See Harrison*, 2008 WL 4276544 at *1. While the Michigan Court of Appeals, in 2008, corrected its error, during the time Plaintiff was incarcerated following his 1986 conviction, his detention was premised on a valid conviction and sentence. As such, Plaintiff's detention beyond his appropriate maximum sentence, while erroneous, was not without due process of law. *See, e.g., Baker*, 443 U.S. at 145-46 (recognizing that it "is entirely consistent with due process of law" that certain determination, such as the lawfulness of an individual's incarceration, be made by judicial officers rather than law enforcement or prison officials).

The *Baker* Court did suggest, however, that the Fourteenth Amendment might be implicated, despite the existence of a valid judgment of conviction and sentence, where the individual makes "repeated protests" that his incarceration is unlawful. Even assuming this were

the appropriate legal standard, Plaintiff cannot make the showing necessary for relief. Plaintiff testified at his deposition that during his initial incarceration, from 1986-1990, he was not aware of any actual or particular error in the imposition or calculation of his sentence. (Dkt. #124, Exhibit B at 8). Instead, he merely "had a feeling something was wrong." (Dkt. #124, Exhibit B at 8). While Plaintiff allegedly asked the warden to "look into" his sentence, Plaintiff concedes that he was unable to describe for the warden any possible defect or error therein. (Dkt. #125, Exhibit 5 at 22-25). Plaintiff testified that it was not until after his later return to prison that he realized that his previous sentence had been miscalculated. (Dkt. #124, Exhibit B at 35). Plaintiff has failed to present *evidence* indicating that, during the relevant time period, he made to Defendants, or any other prison officials, specific complaints concerning the calculation or imposition of his sentence.[1]

Plaintiff has likewise identified no authority imposing on *prison officials* a constitutional obligation to, essentially, act as legal advocates for every prisoner who asserts the vague complaint that there exists an unknown error in the calculation of his sentence. While the warden's alleged failure to assist Plaintiff *may* violate the standard of care applicable to a state law tort claim, it simply does not violate the Fourteenth Amendment. *See Baker*, 443 U.S. at 146 ("[j]ust as medical malpractice does not become a constitutional violation merely because the victim is a prisoner, false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official"). Accordingly, Defendants are entitled to summary judgment as to this claim.

---

[1] The Court notes that in his opposition to Defendants' motion, Plaintiff relies extensively on the allegations in his amended complaint. Such allegations, however, are insufficient to defeat a properly supported motion for summary judgment. *See Simon Trierweiler*, 2014 WL 1028884 at *6 (W.D. Mich., Mar. 17, 2014). Plaintiff's amended complaint is not a sworn document. Moreover, even if the amended complaint were a sworn document it would be insufficient because the pleading is not signed by Plaintiff, but is instead signed by Plaintiff's counsel who has not asserted that he possesses first hand knowledge of the relevant facts and circumstances. *See Rogers v. Lilly*, 292 Fed. Appx. 423, 428 n.3 (6th Cir., Aug. 22, 2008) ("only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment").

B.      Eighth Amendment

To prevail on his claim that Defendants violated his Eighth Amendment rights by refusing to investigate his "multiple complaints" regarding the calculation of his sentence, Plaintiff must demonstrate that Defendants acted with deliberate indifference. *See Shorts v. Bartholomew*, 255 Fed. Appx. 46, 51-56 (6th Cir., Oct. 17, 2007). Specifically, Plaintiff must establish the following: (1) Defendant had actual knowledge of the alleged error "and thus of the risk that unwarranted punishment was being, or would be, inflicted"; (2) Defendant "either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to [Plaintiff's] plight"; and (3) a "causal connection between [Defendant's] response to the problem and the infliction of the unjustified detention." *Id.* at 55.

Plaintiff's claim fails at step one. As discussed in the preceding section, Plaintiff cannot demonstrate that Defendants had actual knowledge that Plaintiff's sentence had been improperly calculated or that there existed any risk that Plaintiff would be subjected to unwarranted punishment. Accordingly, Defendants are entitled to summary judgment as to this claim.

**II.     Claims Arising Following Plaintiff's 1991 Incarceration**

Plaintiff has asserted two claims concerning events following his incarceration in 1991. Specifically, Plaintiff alleges that Defendants, "by their negligent or intentional spoilation of evidence that Plaintiff had gathered," denied Plaintiff the opportunity to establish that he suffered a violation of his rights. Plaintiff asserts this constitutes a violation of his Fourteenth Amendment

rights. Plaintiff further alleges that Defendants violated his Eighth Amendment rights when they refused to recommend a reduction in his current sentence.

### A. Spoilation of Evidence

Plaintiff alleges that in "about 2005," "more than 500 pages of legal materials…came up missing from his cell." (Dkt. #93 at ¶¶ 42-44). However, Plaintiff has neither alleged nor presented evidence that any Defendant participated in the alleged theft of his property. This is fatal to Plaintiff's claim. *See Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006) (liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act, rather liability must be based upon active unconstitutional behavior). Accordingly, Defendants are entitled to summary judgment as to this claim.

### B. Reduction in Current Sentence

Finally, Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to recommend that his current prison sentence be reduced by the amount of time he improperly served during his prior incarceration. To prevail on an Eighth Amendment claim, Plaintiff must demonstrate that Defendants acted with deliberate indifference.

The Court dismissed, on screening, Plaintiff's claim that the failure to reduce his current sentence in recognition of the excess time he served on his 1986 conviction violated Michigan law. (Dkt. #7). On appeal, the Sixth Circuit affirmed the dismissal of this claim, specifically stating:

> Harrison has provided no legal basis under Michigan state law for his
> request to shorten his 1991 sentence to somehow rectify the error

> made with regard to his 1986 sentence, and we know of none. We therefore hold that the district court did not err in dismissing this claim.

*Harrison*, 722 F.3d at 771.

Defendants can hardly be found to have acted with deliberate indifference to Plaintiff's plight where they failed to provide Plaintiff with a sentence reduction that is not permitted under Michigan law. Plaintiff has likewise failed to identify authority that such a sentence reduction, under the present circumstances, is mandated by federal law. Accordingly, Defendants are entitled to summary judgment as to this claim.

## **CONCLUSION**

For the reasons articulated herein, Defendants' Motion for Summary Judgment, (dkt. #123), is **granted**. An Order consistent with this Opinion will enter.

Date: February 9, 2016                     /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge